

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-8-2006

# Adegbuji v. Fifteen Immigration

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1506

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Adegbuji v. Fifteen Immigration" (2006). *2006 Decisions.* Paper 1469.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1469

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1506
_____

TOSIN ADEGBUJI,

Appellant

v.

FIFTEEN IMMIGRATION AND
CUSTOMS ENFORCEMENT AGENTS
(in their individual and official capacities)
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-01613)
District Judge:  Honorable John W. Bissell
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 22, 2006

Before: BARRY, STAPLETON and GREENBERG, CIRCUIT JUDGES

(Filed:    March 8, 2006)

_____

OPINION
_____

PER CURIAM

This appeal arises from the order of the United States District Court for the District of New Jersey dismissing Appellant Tosin Adegbuji's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

On May 1, 2002, Adegbuji was arrested on an outstanding 1995 warrant by an agent from the Bureau of Immigration and Customs Enforcement ("BICE") upon his arrival at Newark, New Jersey Airport on a Continental Airlines flight from London, England. He was processed, interrogated, and subjected to a strip search. The agents retained Adegbuji's personal items, airline tickets and luggage claim tickets. Adegbuji's luggage remained in the custody of the airline. He was held in custody and arraigned the next day on the 1995 warrant in the Southern District of New York.

Adegbuji pled guilty to the New York charge on May 24, 2002, and was released immediately to BICE's custody, where he was again processed and interrogated. Adegbuji alleges that agents coerced him into signing a form consenting to his withdrawal of admission into the United States on the agents' promise that he would be allowed to go back to Great Britain immediately and avoid prolonged incarceration. Adegbuji was held the Middlesex County Adult Correction Center pending deportation. On July 10, 2002, Adegbuji received a removal order issued in his absence and without a hearing, which he claims was based on a finding that his conviction was an "aggravated felony," a designation he disputes. Adegbuji avers that on July 15, 2002, agents physically forced him onto the Continental flight headed for London, England.

2

On March 31, 2004, Adegbuji brought the instant action. His complaint raises claims that the defendants: (1) conducted an illegal search and seizure of his personal items and luggage; (2) violated his due process rights by illegally deporting him, without notice or a hearing, based on a disputed characterization of the New York conviction as an "aggravated felony;" (3) violated his Equal Protection rights when they strip searched him in May 2002, and forced him to be removed from the United States without his personal property and against his will on July 15, 2002; (4) used excessive force in effecting his removal from the United States on July 15, 2002; (5) conspired with officials from Continental Airlines to deprive him of his personal property because of his race, ethnic origin, and protected class as an alien; and (6) conspired to secure his illegal removal in July 2002, and to keep him incarcerated despite a June 2003 order granting relief from withholding of removal to Nigeria. Adegbuji sought damages, attorneys fees, and injunctive relief, including rescission of the July 2002 deportation order.

The District Court reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed it sua sponte for failure to state a claim. Adegbuji filed a timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of the District Court's dismissal for failure to state a claim is plenary. "We must determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citation omitted). We will affirm.

3

Adegbuji asserts that his forced deportation in July 2002 violated his due process rights because (1) he was not an "aggravated felon," (2) he did not receive notice or have an opportunity to be heard before the removal order issued, and (3) he was coerced into signing a voluntary withdrawal of admission into the United States. The District Court properly dismissed Adegbuji's due process challenges to the July 2002 removal order. This claim, essentially an appeal from the removal order, is not properly brought against these defendants. In any event, the District Court would lack subject matter jurisdiction under the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5) to consider Adegbuji's claims seeking an order reversing the removal order.

Sections 1252(g) and 1252(a)(2)(A) of the REAL ID Act bar judicial review of all of Adegbuji's Bivens and § 1985(3) claims for damages "arising out of the decision to commence removal proceedings" or "arising from or relating to the implementation of or operation of an order of removal." Even if judicial review of these claims was not barred under the REAL ID Act, we would decline to review them in any event because Adegbuji has raised these claims in a Petition for Review that is currently pending in this Court. See Adegbuji v. Atty. Gen., C.A. No. 05-3894.

For the reasons set forth in the District Court's opinion, we agree that Adegbuji fails to state a Fourth Amendment claim with respect to his arrest and strip search, and the seizure of personal items in May 2002.

The equal protection claims that do not implicate the removal proceedings or removal order are also flawed. There is no allegation in the Complaint from which we

4

can infer that Adegbuji was treated differently from similarly situated inadmissible aliens. Keenan v. City of Philadelphia, 983 F.2d 459, 465 (3d Cir. 1992) (citations omitted).

With respect to Adegbuji's excessive force claim, we agree with the District Court's ultimate conclusion that Adegbuji failed to state a claim, but for different reasons. Adegbuji provides scant factual allegations in the Complaint, stating only that he was injured at the ankle, elbow, and head when the defendants effected an "illegal deportation." There is nothing in the Complaint from which we can infer that excessive force was used. On appeal, Adegbuji explains that on July 15, 2002, the defendants shackled his feet and handcuffed his hands to his waist. He admits that he went voluntarily to the plane for boarding. See Informal Brf. at 10. Adegbuji resisted going inside at the plane's doorstep, however, when his demand for his luggage and other personal property was denied. Id. He claims that the defendants pushed and dragged him on the floor as he fell into the aircraft. Id. at 11. Even assuming that Adegbuji's belated allegations are true, the force used to get Adegbuji on the plane when he resisted was not excessive. See Whitley v. Albers, 475 U.S. 312, 320-22 (1986).

Adegbuji also alleges that the defendants conspired with Continental Airlines to deprive him of his personal property when he was arrested in May 2002, on a 1995 warrant issued by the United States District Court in New York. To the extent that this conspiracy claim does not implicate the removal proceedings or order, we conclude that it fails to state a claim upon which relief can be granted. Adegbuji alleges that Agent "Shroeder instructed Continental to retain Adegbuji's checked-in luggage - citing security

5

reasons." Complaint at 7-2, ¶ 5. Shroeder told Adegbuji "I wouldn't worry about your luggage and other items we took from you at this time, for that is the least of your problems right now. When you finish with the Feds, your properties will be waiting for you at [the] airline to be deported back to where you came from." Id. Even when given the most liberal construction possible, the allegations simply fail to identify anything more than a single decision by one person. We find nothing in these allegations from which we can infer an understanding between Shroeder and any named defendants or any Continental Airlines official or employee to deprive Adegbuji of his property on account of his race or alien status. Moreover, the allegations suggest that there was no conspiracy to deprive Adegbuji of his property. Continental Airlines was merely instructed to hold the property until it could be sent back to the country to which Adegbuji would be deported.

Finally, as for the tort claims of deprivation of property and assault and battery, failure to exhaust administrative remedies is a jurisdictional bar to suit under the Federal Tort Claims Act. See 28 U.S.C. § 2401(b). For the first time on appeal, Adegbuji produced a letter from the Department of Homeland Security dated December 10, 2003, denying two claims brought by Adegbuji concerning incidents that occurred in May and July 2002.[1] This Court does not consider new evidence presented for the first time on appeal. Adegbuji had the opportunity to bring this documentation to the District Court's

---

[1] The letter does not indicate the substantive nature of the complaints.

attention in the original Complaint filed in 2004, and again in his reconsideration motion, but he did not do so. Based on the record at the time, the District Court correctly determined that the Complaint was completely devoid of any factual allegation concerning exhaustion, and thus it properly dismissed the Complaint without prejudice.

For the foregoing reasons, we will affirm the District Court's order dismissing the complaint.