

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2007

# Adegbuji v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4141

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Adegbuji v. USA" (2007). *2007 Decisions.* Paper 1116.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1116

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4141
_____

TOSIN ADEGBUJI,

Appellant


v.


UNITED STATES OF AMERICA


_____


On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-02619)
District Judge: Honorable William J. Martini
_____



Submitted Under Third Circuit LAR 34.1(a)
April 23, 2007

Before: Rendell, Garth and Cowen, <u>Circuit Judges</u>.

(Filed May 11, 2007 )


_____

OPINION

_____



PER CURIAM

Tosin Adegbuji appeals the District Court's order granting appellee's motion to

dismiss. The procedural history of this case and the details of appellant's claims are well-known to the parties, set forth in the District Court's opinions, and need not be discussed at length. Adegbuji filed a complaint alleging several claims under the Federal Tort Claims Act (FTCA). By order entered March 2, 2005, the District Court dismissed his claims of abuse of process, false imprisonment, malicious prosecution, and prolonged detention for failure to state a claim. The government filed a motion to dismiss the remaining claims of assault, battery, and excessive force for lack of subject-matter jurisdiction because Adegbuji failed to exhaust his administrative remedies. The District Court granted the motion to dismiss, and Adegbuji filed a timely notice of appeal.

On appeal, Adegbuji challenges his removal proceedings as well as his detention during them. He argues that the government maliciously prosecuted him, falsely imprisoned him, and abused a legitimate process. He also contends that the District Court erred in dismissing his claims of assault and battery.

This Court has addressed Adegbuji's allegations concerning his removal proceedings in prior opinions. In Adegubji v. INS, C.A. No. 03-2848, we noted that "[b]ecause Adegbuji is inadmissible for having committed a crime involving moral turpitude, detention while he was in removal proceedings was mandatory under § 236(c)(1)(A)." In Adegbuji v. Fifteen Immigration and Customs Enforcement Agents, C.A. No. 05-1506, we informed Adegbuji that Sections 1252(g) and 1252(a)(2)(A) of the REAL ID Act bar judicial review of his claims for damages "arising out of the decision to commence removal proceedings" or "arising from or relating to the implementation of or

operation of an order of removal." We also noted that we would decline to review claims challenging his removal because Adegbuji has raised them in a Petition for Review that is currently pending in this Court. See Adegbuji v. Atty. Gen., C.A. No. 05- 3894. We will not review these claims here for the same reasons.

We exercise plenary review over the District Court's dismissal of Adegbuji's claims of assault, battery, and excessive force for lack of subject-matter jurisdiction. Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). We agree with the District Court that it lacked jurisdiction over these claims because Adegbuji failed to exhaust his administrative remedies. See 28 U.S.C. § 2675(a).

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment.